The Honorable E.D. "Bud" Dixon Clerk of Courts, Tenth Judicial Circuit Drawer Number CC-1, Post Office Box 9000 Bartow, Florida 33830-9000
Dear Mr. Dixon:
You ask substantially the following question:
Are the court records of a juvenile who has been charged as an adult but receives juvenile sanctions public records that may be released?
In sum:
While section 39.045, Florida Statutes, generally provides that official records on juveniles maintained by the clerk of the court are not open to inspection, there is nothing in Chapter 39, Florida Statutes, that would close the court records of a case in which a juvenile is prosecuted as an adult, regardless of the sanctions ultimately imposed in the case.
Section 39.045(4), Florida Statutes (1996 Supplement), provides:
"The clerk shall keep all official records required by this section separate from other records of the circuit court, except those records pertaining to motor vehicle violations, which shall be forwarded to the Department of Highway Safety and Motor Vehicles. Except as provided in subsection (9) and s. 943.053, official records required by this part are not open to inspection by the public, but may be inspected only upon order of the court by persons deemed by the court to have a proper interest therein . . . ." (emphasis supplied)
Subsection (9) of section 39.045, Florida Statutes (1996 Supplement), provides that "[n]otwithstanding any other provisions of this part, the name, photograph, address, and crime or arrest report of a child" taken into custody by a law enforcement officer for a violation of law which, if committed by an adult, would be a felony, or if the child is found by a court to have committed three or more violations of law which, if committed by an adult, would be misdemeanors, are not considered confidential or exempt from the provisions in section 119.07(1), Florida Statutes, based on the child's age. Thus, the statute recognizes an exemption from the confidentiality requirements in subsection (4) of section 39.045, Florida Statutes (1996 Supplement), that allows the release of specific information regarding a juvenile who has been taken into custody under these specified circumstances.
The exemption applies when a juvenile has been taken into custody, and only allows the release of specified information that would not be altered by the subsequent prosecution or handling of the juvenile. You are concerned, however, that when a child's case is transferred for trial as an adult pursuant to section 39.052(3), Florida Statutes (1996 Supplement), and the court ultimately imposes juvenile sanctions, the general confidentiality provisions in Chapter 39, Florida Statutes, would preclude disclosure of the child's records.
Section 39.052(3), Florida Statutes (1996 Supplement), authorizes the court to transfer and certify a child's criminal case for trial as an adult when, prior to commencement of an adjudicatory hearing, the child and his parent or guardian demand in writing that the child be tried as an adult.[1] Once the child has been transferred for criminal prosecution pursuant to a voluntary waiver and has been found to have committed the offense or a lesser included offense, the child "shall thereafter be handled in every respect as an adult for any subsequent violation of state law, unless the court imposes juvenile sanctions under s. 39.059(4)(b) or (c)."[2]
The state attorney may file a motion to have a child who is 14 or older at the time of the delinquent act or violation of law transferred for criminal prosecution as an adult.[3] Under certain circumstances, the state attorney must file a motion to certify the child for adult prosecution.[4] If the court finds that a juvenile 14 or older should be charged and tried as an adult, the court must enter an order transferring the case for trial as if the child were an adult. Once a child has been transferred for criminal prosecution and has been found to have committed the offense or a lesser included offense, the child thereafter will be handled in every respect as an adult for any subsequent violation of state law, unless the court imposes juvenile sanctions under section 39.059(4)(b) or (c). In instances where a child is charged with violation of a state law punishable by death or life imprisonment and the grand jury has returned an indictment, the child must be tried and handled in every respect as an adult. If found to have committed the offense, the child must be sentenced as an adult.[5]
Although a child is transferred for adult prosecution under section 39.052(3), Florida Statutes (1996 Supplement), the court may impose juvenile sanctions.[6] Moreover, if juvenile sanctions are imposed, the child may not be treated automatically as an adult in any subsequent violation of state law.[7] There is nothing in Chapter 39, Florida Statutes, however, that would extend the confidentiality provisions afforded juvenile records to a child who has been transferred to be prosecuted as an adult. Rather, once a child is subject to adult prosecution, the prosecution proceeds as if he or she were an adult and the rules governing court records generally would apply.[8]
While a juvenile who has been transferred for adult prosecution may ultimately receive juvenile sanctions, such disposition of the case would not appear to alter the treatment of official records of the prosecution. It would make little sense to have a public prosecution and open records during the pendency of the proceedings, but require closure of the records of the proceeding if juvenile sanctions are then imposed. A juvenile's right to be treated as a juvenile only extends as far as the Legislature has provided.[9] Nothing in Chapter 39, Florida Statutes, sets forth a procedure to close the records of a juvenile prosecuted as an adult and this office cannot read such a requirement into the statute.
Accordingly, it is my opinion that the official records of a case in which a juvenile has been transferred for adult prosecution are open to the public, regardless of whether the juvenile ultimately receives juvenile sanctions from the court.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 39.052(3)(a)1., Fla. Stat. (1996 Supp.).
[2] Section 39.052(3)(a)3., Fla. Stat. (1996 Supp.).
[3] Section 39.052(3)(a)2., Fla. Stat. (1996 Supp.).
[4] Id.
[5] Section 39.052(3)(a)4., Fla. Stat. (1996 Supp.).
[6] See, s. 39.052(3)(a)1., Fla. Stat. (1996 Supp.), recognizing the court's authority to impose juvenile sanctions pursuant to s. 39.059(4)(b) or (c), Fla. Stat.
[7] See, s. 39.052(3)(a)3., Fla. Stat. (1996 Supp.).
[8] This office has been advised by the State Attorney's Office for the Second Judicial Circuit that when a juvenile is transferred for adult prosecution, the juvenile is treated in the same manner as an adult and records of the prosecution are public.See generally, Rule 2.051, Fla.R.Jud.Admin., providing that the public shall have access to all records of the judicial branch of government, except as specifically made confidential therein.
[9] See, State v. Cain, 381 So.2d 1361, 1363 (Fla. 1980) (child has the right to be treated as a juvenile delinquent only to the extent provided by the legislature).